LEVY DAVIS & MAHER, LLP
Jonathan A. Bernstein (JB 4053)
Attorneys for Plaintiffs
29 Broadway
New York, New York 10006
(212) 371-0033

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DOROTHY CHIBUZOR and LEILA CASTILLO,   :   10 Civ.
Individually, on Behalf of All Others                        :
Similarly Situated and as Class Representatives,   :
                                                                                  :
                                            Plaintiffs,                  :
                                                                                  :
              - against -                                               :   **COMPLAINT**
                                                                                  :
7th AVENUE MEDICAL STAFFING, LLC, and   :
JEWISH HOME LIFECARE f/k/a JHHA CORP.,   :
                                                                                  :
                                           Defendants .             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiffs Dorothy Chibuzor (hereinafter "Chibuzor") and Leila Castillo (hereinafter "Castillo"), individually, on behalf of all others similarly situated and as class representatives, by their attorneys, Levy Davis & Maher, LLP, complain of defendants, 7th Avenue Medical Staffing, LLC (hereinafter "7th Avenue") and Jewish Home Lifecare f/k/a JHHA Corp. (hereinafter "JHL"), as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs, who worked as nurses for defendant staffing agency and nursing care facility, complain on behalf of themselves and other current and former employees of defendants, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York Minimum Wage Act, Article 19 of the Labor Law of the State of New York, ("Labor Law" or

"NYMWA"), that they performed work for defendants for which they did not receive overtime premium pay.

2. Plaintiffs bring this lawsuit on behalf of similarly situated persons who elect to opt into this action pursuant to 29 U.S.C. § 216(b) and on behalf of a class of persons pursuant to Fed. R. Civ. Pro. 23.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and 28 U.S.C. § 1367(a), in that the state and federal claims arise from a common nucleus of operative fact such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. The venue of this action is proper because plaintiffs performed labor and services for the defendants in the Southern District of New York, *i.e.,* a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of New York.

## PARTIES

5. Chibuzor is a natural person, currently residing in the County of Bronx, City and State of New York. At all relevant times, Ms. Chibuzor was employed by defendants as a registered nurse.

6. Castillo is a natural person, currently residing in the Township of Cinaminson, County of Burlington, State of New Jersey. At all relevant times, Ms. Castillo was employed by defendants as a registered nurse.

7. 7th Avenue is a domestic business corporation. It is a nurses staffing agency. Its

principal place of business is located at 450 Seventh Avenue in the City, County and State of New York.

8. JHL is a domestic not-for-profit corporation. It maintains its principal place of business and operates a skilled nursing facility at 120 West 106th Street in the City, County and State of New York. The facility has a full-time, round-the-clock house staff of physicians, nurses and a large staff of attending physicians. JHL also owns and operates skilled nursing facilities in the Counties of Bronx and Westchester, New York.

## CLASS ACTION ALLEGATIONS

9. The plaintiffs bring the Third and Fourth Claims for Relief, which allege violations of the Labor Law, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of the following all persons who worked for either of the defendants at any time from April 16, 2004 until the entry of final judgment in this case (the "Class Period"), and who did not receive the proper overtime premium pay to which they were entitled under the NYMWA.

10. The individuals comprising the Rule 23 Class are so numerous that joinder of all members is impracticable.

11. Although the precise number of such Rule 23 Class members is not currently known, and facts concerning such precise number are within the sole control of defendants, upon information and belief, there are at least 150 members of the Rule 23 Class during the Class Period.

12. Defendants have acted or have refused to act on grounds generally applicable to

the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

13. There are questions of law or fact common to the Rule 23 Class that predominate over any questions affecting only individual members. Questions of law and fact common to the Rule 23 Class which predominate over questions solely affecting individual members of the Class include the following:

   a. whether defendants failed to pay plaintiffs and the Rule 23 Class overtime premium pay;

   b. whether it was defendants' policy or practice to fail to keep true and accurate time and pay records for all hours worked by its employees, and other records required by the NYLL;

   c. whether it was defendants' policy or practice to fail to comply with the posting and notice requirements of the NYLL;

   d. whether defendants' policies of failing to pay workers the amounts required under the NYLL was instituted willfully or with reckless disregard of the law; and

   e. the nature and extent of class-wide injury and the measure of damages for those injuries.

14. The claims of the representative plaintiffs are typical of the claims of the Rule 23 Class. The representative plaintiffs have suffered the same type of financial losses as other Rule 23 Class members in this case. Plaintiffs and the Rule 23 Class members work or have worked for defendants and were subject to the same policy or practices. Plaintiffs and the Rule 23 Class members are entitled to the same statutory rights under the NYLL to be paid the agreed wages and to be paid overtime wages.

15. The representative parties plaintiff will fairly and adequately protect the interests of the Rule 23 Class. There is no conflict between plaintiffs and the Rule 23 Class members.

16. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation in which individual plaintiffs lack the financial resources to prosecute such claims effectively against a corporate defendant. The expense and burden of protracted litigation make it impracticable for Class members to seek redress individually for defendants' unlawful conduct. Moreover, if individuals were required to institute separate actions concerning the same issues raised by this action, the Court would be unduly burdened and the risk of inconsistent rulings, which might be dispositive of legal issues affecting nonparties, would be contrary to justice.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiffs bring this action on behalf of themselves and all others similarly situated, pursuant to 29 U.S.C. § 216(b). Persons similarly situated are those who are and/or were employed by defendants as painters any time between April 16, 2007 and the present (the "Collective Action Period") within the meaning of 29 U.S.C. § 203(e)(1).

18. Defendants are liable under the FLSA for, among other things, failing to compensate plaintiffs properly. Upon information and belief, there are many similarly situated current and former employees of defendants who have not been properly paid in violation of the FLSA, and who would benefit from the issuance of a court-supervised notice of the instant action and the opportunity to join the instant action. Those similarly situated persons are known to defendants, are readily identifiable, and can be located through the use of defendants' records.

Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

19. Plaintiffs were, at all relevant times, engaged in commerce within the meaning of 29 U.S.C. § 203(b), in that they worked for defendants as nurses.

20. JHL was, at all relevant times, and is, engaged in the operation of a hospital and/or an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institution.

21. Defendants were, at all relevant times, and are, in an industry affecting commerce within the meaning of 29 U.S.C. § 203(b).

22. Upon information and belief, defendants, in combination with persons performing related activities for a common business purpose, are an enterprise whose annual gross volume of sales made or business done is not less than $500,000, exclusive of sales taxes.

23. Plaintiffs regularly worked in excess of 40 hours in the workweek. However, plaintiffs were not paid overtime premium pay for all work hours in excess of 40 hours in the workweek.

24. Plaintiffs were paid straight-time wages for all hours worked.

25. At all relevant times, 7th Avenue provided staffing services to JHL. Both defendants had the power to hire and fire nurses, supervised and controlled nurses' work schedules or conditions of employment, determined the rate and method of payment, and maintained employment records.

26. Defendants accordingly acted as joint employers with respect to plaintiffs.

### AS AND FOR PLAINTIFFS' FIRST CAUSE OF ACTION

27. Plaintiffs incorporate by reference each and every allegation made in paragraphs 1 through 26 of this Complaint.

28. At all relevant times, JHL has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(B) and an employer within the meaning of 29 U.S.C. § 203(d), (g).

29. At all relevant times, 7th Avenue has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(A)(ii) and an employer within the meaning of 29 U.S.C. § 203(d), (g).

30. As such, Defendants were required to pay directly to plaintiffs and persons similarly situated premium pay for all hours worked in excess of 40 per workweek.

31. Defendants failed and refused to pay plaintiff and persons similarly situated the overtime pay to which they are entitled under the FLSA.

32. As a result of defendants' violations of the FLSA, plaintiff and persons similarly situated have suffered damages by being denied overtime premium pay in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### AS AND FOR PLAINTIFFS' SECOND CAUSE OF ACTION

33. Plaintiffs incorporate by reference each and every allegation made in paragraphs 1 through 32 of this Complaint.

34. Defendants' unlawful conduct, as described in this complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this complaint were unlawful. Consequently, defendants have acted willfully, and a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### AS AND FOR PLAINTIFFS' THIRD CAUSE OF ACTION

35. Plaintiffs incorporate by reference each and every allegation made in paragraphs 1 through 34 of this Complaint.

36. Plaintiffs have not been paid overtime premium pay for all hours in excess of forty per workweek as required under the New York Minimum Wage Act, as amended, N.Y. Labor Law §§ 650 *et seq.*

37. Plaintiffs are accordingly entitled to back pay, prejudgment interest and attorney's fees.

### AS AND FOR PLAINTIFFS' FOURTH CAUSE OF ACTION

38. Plaintiffs incorporate by reference each and every allegation made in paragraphs 1 through 37 of this Complaint.

39. The failure of defendants to pay overtime premium pay to plaintiffs as required by the New York Minimum Wage Act, as amended, N.Y. Labor Law §§ 650 *et seq.* was willful.

40. Plaintiffs are accordingly entitled to liquidated damages.

WHEREFORE, plaintiffs respectfully request that this Court enter a judgment:

1. Certifying this action as a class action pursuant to Fed. R. Civ. Pro. 23 on behalf of the members of the Class, and appointing Plaintiffs and their counsel to represent the Class;

2. Authorizing notice of this action pursuant to 29 U.S.C. § 216(b);

3. Directing defendants to pay federally-mandated overtime premium pay to plaintiffs and to such persons as may opt in to this action;

4. Directing defendants to pay liquidated damages under the FLSA to plaintiffs and such persons as may opt in to this action;

5. Directing defendants to pay New York state-law overtime premium pay to plaintiffs and to members of the class;

6. Directing defendants to pay liquidated damages under the New York Labor Law to plaintiffs and members of the class;

7. Directing defendants to pay pre-judgment interest to plaintiffs and members of the class;

8. Granting a permanent injunction enjoining defendants and their owners, officers, management personnel, employees, agents, attorneys, successors and assigns and those acting in concert therewith from any conduct violating the rights of the plaintiff, members of the class and such persons as may opt in to this action as secured by the New York Labor Law;

9. Awarding plaintiffs the costs of this action together with reasonable attorneys' fees; and

10. Granting such other and further relief as this Court deems necessary and

proper.

Dated: New York, New York
April 15, 2010

                                      Levy Davis & Maher, LLP

                                      By:_____

                                      Jonathan A. Bernstein (JB 4053)
                                      Attorneys for Plaintiffs
                                      29 Broadway
                                      New York, New York 10006
                                      Tel:  (212) 371-0033
                                      jbernstein@levydavis.com